894 F.2d 1337
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frederick L. HAYES, Defendant-Appellant.
 No. 89-5729.
 United States Court of Appeals, Sixth Circuit.
 Feb. 5, 1990.
 
 W.D.Tenn.
 Before KENNEDY and RALPH B. GUY, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Frederick L. Hayes pled guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and carrying and using a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c), but reserved his right to appeal from the District Court's ruling denying his motion to suppress evidence related to these crimes. This appeal followed. We AFFIRM.
 
 I.
 
 2
 In January 1989, Memphis law enforcement officers received information from a confidential informant that an ounce of cocaine would be delivered to the informant in the parking lot of a local store. A silver car bearing the license number FLH-1 was to make the delivery.
 
 
 3
 At the appointed hour for the delivery, the appellant pulled into the parking lot along side a pick-up truck driven by the informant. He was driving a silver car with the license plate number FLH-1. Both vehicles moved to another part of the lot and the appellant got out of his car and entered the informant's truck. After Hayes was seated in the truck, the informant gave waiting law enforcement officers a prearranged signal to indicate that Hayes had the cocaine. The officers, who had been waiting undercover, took Hayes out of the truck, advised him of his rights, and placed him under arrest. A search of Hayes' person revealed an ounce of cocaine in Hayes' jacket pocket, $127.00, and two paging beepers.
 
 
 4
 After arresting Hayes and finding the ounce of cocaine, officers searched Hayes' car and found a gun, more cocaine, and a cellular phone.[1] Detective J.L. Arnold of the Shelby County Sheriff's Department testified at the suppression hearing that the car search was conducted as part of a routine search incident to arrest, the purpose of which was to secure additional evidence against the appellant. After conducting a preliminary search of the car in which a small amount of additional drugs were found, Arnold confronted Hayes and asked him whether there were more drugs in the car. Hayes admitted that the drugs already found were his and also revealed that there was more cocaine in the backseat. While searching for the additional cocaine the officers found the gun that is the subject of the firearm violation. All of the evidence found in the car was the subject of the motion to suppress denied by the District Court.
 
 
 5
 The District Court found that the search qualified as a search incident to arrest. The court believed that even though Hayes was in the informant's pick-up truck at the time of his arrest, that the search of Hayes' car qualified as a search incident to arrest under our recent decision in United States v. White, 871 F.2d 41 (6th Cir.1989). We do not decide this question since we find that the officers had probable cause to search the automobile and that exigent circumstances vitiated the need to obtain a warrant. Accordingly, we AFFIRM.
 
 II.
 
 6
 Though not relied on by the court below, the search is justified under the automobile exception to the warrant requirement. See, e.g., California v. Carney, 471 U.S. 386 (1985); Chambers v. Maroney, 399 U.S. 42 (1970); Carroll v. United States, 267 U.S. 132 (1925). Since Hayes' car was operational and located in a parking area open to the public, there were exigent circumstances. Thus the search is within the automobile exception to the warrant requirement if the police had probable cause to search the car at the time Hayes was arrested.
 
 
 7
 Based on his experience in drug cases, the officer who conducted the search testified that he believed that more drugs would be found in Hayes' car. We believe that the officer did have probable cause to believe that more cocaine would be found. The officers had reason to believe that Hayes was a drug dealer since he was arrested while attempting to sell an ounce of cocaine to an informant. They also knew that Hayes transported cocaine in his car since Hayes had gotten out of his car--apparently with the cocaine--immediately prior to the attempted sale. Where a known drug dealer is arrested while selling drugs to a police informant and where the dealer transported those drugs in his automobile immediately prior to conducting the sale, there is probable cause to believe that more drugs will be found in the dealer's car. See, e.g., United States v. Vasquez, 858 F.2d 1387, 1391 (9th Cir.1988), cert. denied, 109 S.Ct. 847 (1989) (probable cause to search car existed when officers observed the defendant getting out of the car carrying a gym bag that contained five kilograms of cocaine and tried to sell the cocaine to undercover police officers); see also United States v. Rivera, 825 F.2d 152, 158 (7th Cir.), cert. denied, 484 U.S. 979 (1987) (probable cause for a car search existed where officers observed the defendant retrieve what appeared to be cocaine from the trunk of a car and defendant was soon after arrested while in possession of $12,000 and a key to the car).
 
 
 8
 Accordingly, the decision of the District Court is AFFIRMED.
 
 
 
 [1]
 The amount of additional cocaine found in the car was less than one ounce. The importance of the car search goes to the gun conviction